Daniel B. Chammas, Bar No. 204825
Alexandria M. Witte, Bar No. 273494
Ford & Harrison LLP
350 South Grand Avenue
Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401
E-Mail:    dchammas@fordharrison.com
           awitte@fordharrison.com

Attorneys for Defendant
KRAFT HEINZ FOODS COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

| | |
|---|---|
| ENRIQUE VAZQUEZ, individually and on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT HEINZ FOODS COMPANY, a Pennsylvania Corporation, and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No.  **'16 CV2749 WQHWVG**<br><br>**DEFENDANT KRAFT HEINZ FOODS COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367(a), 1441(a), 1441(b), 1446 AND 1453**<br><br>Action filed: September 8, 2016<br>Removed:     November 7, 2016 |

WSACTIVELLP:8826047.3
/CASE NO.
NOTICE OF REMOVAL
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

**TABLE OF CONTENTS**

**Page(s)**

I. PLEADINGS AND PROCESS, AND ORDERS ............................................. 1

II. TIMELINESS OF REMOVAL ...................................................................... 2

III. VENUE ............................................................................................................ 3

V. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ............................................................................................ 3

    A. Citizenship of Parties ............................................................................ 4

    B. The Amount in Controversy Exceeds $5 Million and Plaintiff's Classes are More than 100 Class Members ........................................... 5

VI. NOTICE OF REMOVAL ............................................................................ 12

WSACTIVELLP:8826047.3
/CASE NO.
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Behrazfar v. Unisys Corp.*,
   687 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................... 8

*Brady v. Mercedes-Benz USA, Inc.*,
   243 F.Supp.2d 1004 (N.D. Cal. 2002) ................................................................... 11

*Cagle v. C&S Wholesale Grocers, Inc.*,
   2014 WL 651923 (E.D. Cal. Feb. 19, 2014) ............................................................ 8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. ___, (2015), 135 S. Ct. 547 (2014) .......................................................... 7

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ................................................................................ 10

*Hughes v. Fosdick*
   106 F.Supp.3d 1078 (2015) .................................................................................... 11

*Ibarra v. Manheim Investments, Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ................................................................................ 6

*Johnson v. Columbia Prop. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) .................................................................................. 5

*Jones v. Tween Brands, Inc.*
   2014 WL 1607636 (Apr. 22, 2014) ........................................................................ 10

*Kanter v. Warner-Labert Co.*,
   265 F.3d 853 (9th Cir. 2001) .................................................................................. 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................................ 4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) .................................................................... 8

*Krug v. Wells Fargo Bank, N.A.*,
  2011 WL 6182341 (N.D. Cal. Dec. 13, 2011) ........................................................2

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ...............................................................................4

*Lowdermilk v. U.S. Bank National Association*
  479 F.3d 994 (9th Cir. 2007) ...............................................................................6

*Luckett v. Delta Airlines, Inc.*,
  171 F.3d 295 (5th Cir. 1999) ...............................................................................7

*Mejia v. DHL Express (USA), Inc.*,
  2015 WL 2452755 (C.D. Cal. May 21, 2015) ...................................................8, 9

*Rodriguez v. AT & T Mobility Services LLC*
  728 F.3d 975 (9th Cir. 2013) ...............................................................................6

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
  303 U.S. 283 (1938) ............................................................................................6

*Standard Fire Insurance Company v. Knowles*
  133 S. Ct. 1345 (2013) ........................................................................................6

**STATUTES**

28 U.S.C. § 84(c)(3) ...............................................................................................3

28 U.S.C. § 1332 ....................................................................................................1

28 U.S.C. § 1332(c)(1) ...........................................................................................5

28 U.S.C. § 1332(d) ............................................................................................3, 5

28 U.S.C. § 1332(d)(2) .....................................................................................3, 4, 5

28 U.S.C. § 1332(d)(2)(A) .....................................................................................5

28 U.S.C. § 1332(d)(3)-(5) ....................................................................................3

WSACTIVELLP:8826047.3   - iii -
/CASE NO.
NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

28 U.S.C. § 1332(d)(5)(B) .................................................................................... 10

28 U.S.C. § 1332(d)(6) ................................................................................... 5, 11

28 U.S.C. § 1367(a) ............................................................................................ 1

28 U.S.C. § 1391 ................................................................................................ 3

28 U.S.C. § 1441(a) ........................................................................... 1, 3, 5, 11

28 U.S.C. § 1441(b) ........................................................................................... 1

28 U.S.C. § 1446(b) ........................................................................................... 2

28 U.S.C. § 1446(c)(1) ...................................................................................... 4

28 U.S.C. § 1446(d) ........................................................................................... 2

28 U.S.C. § 1453 ................................................................................................ 1

28 U.S.C. § 1453(b) ........................................................................................... 4

Cal. Lab. Code § 201 .......................................................................................... 9

Cal. Lab. Code § 202 .......................................................................................... 9

Cal. Lab. Code § 203 ..................................................................................... 9, 10

Cal. Lab. Code § 226 ..................................................................................... 9, 10

Cal. Lab. Code § 226(e) ................................................................................ 9, 10

Cal. Lab. Code § 510 ..................................................................................... 1, 9

Cal. Lab. Code § 1194 ............................................................................... 1, 9, 10

Cal. Civ. Proc. Code § 382 ................................................................................. 3

Cal. Civ. Proc. Code § 1021.5 .......................................................................... 10

WSACTIVELLP:8826047.3               - iv -
/CASE NO.
NOTICE OF REMOVAL

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

**RULES**

Fed. R. Civ. Proc. 6(a) ...................................................................................... 2

**OTHER AUTHORITIES**

H.R. Rep. No. 112-10 ....................................................................................... 7

WSACTIVELLP:8826047.3  
/Case No.

- v -

NOTICE OF REMOVAL

Ford & Harrison LLP  
Attorneys At Law  
Los Angeles

DOCUMENT PRINTED ON RECYCLED PAPER

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Kraft Heinz Foods Company, ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453, based on the following facts:

**I.     PLEADINGS AND PROCESS, AND ORDERS**

1. On September 8, 2016, Plaintiff Enrique Vazquez ("Plaintiff"), individually and on behalf of all others similarly situated, filed a complaint against Defendant entitled "*Enrique Vazquez, et al. v. Kraft Heinz Foods Company, et al.*," in the Superior Court of California, for the County of San Diego, Case No. 37-2016-00031242-CU-OE-CTL (hereinafter, the "Complaint"). A true and correct copy of the original Complaint is attached to the Declaration of Daniel B. Chammas ("Chammas Decl.") as **Exhibit A**. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

2. Plaintiff seeks to represent in a class "[a]ll individuals employed by Defendants in California as non-exempt hourly employees, at any time beginning four years prior to the filing of this complaint" to the present. (Compl., ¶ 20.) The Complaint alleges five causes of action which Plaintiff pursues on a class-wide basis: (1) Underpayment of Hourly Wages (Wage Order 1-2002); (2) Underpayment of Overtime Wages (California Labor Code §§ 510, 1194, Wage Order 1-2002); (3) Failure to Provide Accurate and Compliant Itemized Wage Statements (California Labor Code § 226); (4) Failure to Timely Pay Wages to Terminated Employees (California Labor Code §§ 201- 203); and (5) Violation of

WSACTIVELLP:8826047.3
/CASE NO.
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

Unfair Competition Law (California Business & Professions Code §§ 17200, et seq.). (*Id.*, ¶¶ 11-19, 35-65.)

3. A true and correct copy of the Summons for the Complaint, which was filed with the state court on September 8, 2016, is attached to the Chammas Decl. as **Exhibit B**.

4. A true and correct copy of the Civil Case Cover Sheet for the Complaint, which was filed with the state court on September 8, 2016, is attached to the Chammas Decl. as **Exhibit C**.

5. A true and correct copy of the Notice of Case Assignment, which was issued by the state court on September 9, 2016, is attached to the Chammas Decl. as **Exhibit D**.

6. A true and correct copy of the proofs of service of summons to Defendant filed by Plaintiff on October 17, 2016, is attached to the Chammas Decl. as **Exhibit E**.

7. A true and correct copy of Defendant's Answer to Plaintiff's Complaint filed with the state court on November 3, 2016, is attached to the Chammas Decl. as **Exhibit F**.

8. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on, received by Defendant or filed in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, San Diego County or served by any party.

## II. TIMELINESS OF REMOVAL

9. Defendant was served with and received the summons and Complaint on October 7, 2016. This notice of removal is timely filed as it is filed within thirty (30) days of the service of the summons and original complaint on Defendant, accounting for the 30th day falling on a weekend. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:8826047.3
/CASE NO.
- 2 -
NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

6182341, *1 (N.D. Cal. Dec. 13, 2011) ("As defendants correctly point out, however, the 30th day after service fell on a Saturday, October 22, 2011. By operation of Rule 6 of the Federal Rules of Civil Procedure, the time for filing the Notice of Removal was therefore extended to the following Monday, October 24, 2011, and defendants' filing was timely.").

**III.  VENUE**

10. San Diego, California is located within the Southern District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(3) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

**IV.  JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

11. This Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides the federal district courts with original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, removal is proper under CAFA because, as set forth below, the case is filed as a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class is a citizen of a state different from Defendant. The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not applicable here.

12. This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of a putative class of non-exempt or hourly employees who worked for Defendant in California at any time from four years immediately preceding the filing of the lawsuit to the present, of which there are approximately 3,413 putative class members. (See, Compl., at ¶ 20; Declaration of Keith Mendes,

WSACTIVELLP:8826047.3 - 3 -
/CASE NO.
NOTICE OF REMOVAL
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

CFA ("Mendes Decl.", ¶ 4.)

13. This Court has original jurisdiction over the case under 28 U.S.C. § 1332(d)(2) because the case is filed as a civil class action, the amount in controversy exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of employees is a citizen of a state different from Defendants.

### A. Citizenship of Parties

14. Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

16. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

17. Here, Plaintiff alleges that he "is a resident of the State of California." (Compl., ¶ 6.) Accordingly, Plaintiff is a citizen of the United States and the State of California. *Kanter*, 265 F.3d at 857.

18. Plaintiff alleges that the proposed class consists of "[a]ll individuals

WSACTIVELLP:8826047.3       - 4 -
/CASE NO.
NOTICE OF REMOVAL       DOCUMENT PRINTED ON RECYCLED PAPER
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

1  employed by Defendants in California as non-exempt hourly employees, at any
2  time beginning four years prior to the filing of this complaint" to the present.
3  (Compl., ¶ 20.)  Therefore, the vast majority of members of the class are citizens of
4  California.

5      19.    For purposes of CAFA, "a corporation shall be deemed to be a citizen
6  of every State and foreign state by which it has been incorporated and of the State
7  or foreign state where it has its principal place of business."  28 U.S.C.
8  § 1332(c)(1); see also, *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894,
9  899 (9th Cir. 2006).

10     20.    Defendant is a Pennsylvania corporation with its principal place of
11  business located in Pittsburgh, Pennsylvania.  Accordingly, Defendant is considered
12  a citizen of Pennsylvania.  28 U.S.C. § 1332(c)(1).

13     21.    The presence of Doe defendants in this case has no bearing on
14  diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of
15  removal under this chapter, the citizenship of defendants sued under fictitious
16  names shall be disregarded").

17     22.    Here, diversity of citizenship is met because Plaintiff and the entire
18  class are citizens of California while Defendant is a citizen of Pennsylvania.
19  Accordingly, the minimal diversity requirement is fully satisfied.  *See* 28 U.S.C.
20  § 1332(d)(2)(A).

21     **B.**    **The Amount in Controversy Exceeds $5 Million and Plaintiff's**
22               **Class Contains More than 100 Class Members**

23     23.    CAFA requires the "matter in controversy" to exceed "the sum or
24  value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).
25  "The claims of the individual class members shall be aggregated to determine
26  whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).
27  Further, CAFA may only be invoked if the proposed class contains at least 100
28  members.  28 U.S.C. § 1332(d).

WSACTIVELLP:8826047.3                - 5 -
/CASE NO.
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

24. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." (*Id.*)

25. Plaintiff alleges that the amount in controversy for the putative class members does not exceed $4,999,999.00. (Compl., ¶ 3.) An allegation, however, that damages do not exceed the $5 million threshold is meaningless after the United States Supreme Court decision, *Standard Fire Insurance Company v. Knowles* (2013) 133 S. Ct. 1345, 1350, which held that a class representative cannot stipulate that damages are less than $5 million to avoid federal court. *See also Ibarra*, 775 F.3d at 1197-98 ("When plaintiffs favor state court and have prepared a complaint that…affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one. But the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal. Yet, when the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies.").

26. In *Rodriguez v. AT & T Mobility Services LLC* (9th Cir. 2013) 728 F.3d 975, the Ninth Circuit squarely held that *Lowdermilk v. U.S. Bank National*

WSACTIVELLP:8826047.3 - 6 -
/CASE NO.
NOTICE OF REMOVAL
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

*Association*, 479 F.3d 994, 999 (9th Cir. 2007)—which had held that a complaint's allegation that a class action seeks less than $5 million requires a removing defendant to contradict that allegation to a "legal certainty"—had been effectively overruled by *Standard Fire* and that the proper burden of proof for a removing defendant is the preponderance of the evidence, even where there is an affirmative allegation that the amount in controversy is less than $5,000,000.

27.  Accordingly, a "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. ___, (2015), 135 S. Ct. 547, 554 (2014).  If the plaintiff or the court contests a defendant's allegations, however, "[e]vidence establishing the amount is required." (*Id.*)  As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).  Here, Defendant can plausibly allege, based on Plaintiff's Complaint and his prayer for relief, that the amount in controversy for Plaintiff's class-wide claims exceeds $5 million.  The assertions of Defendant herein is limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant.

28.  While Defendant denies Plaintiff's claims of wrongdoing and denies his request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  "In measuring

WSACTIVELLP:8826047.3
/CASE NO.
- 7 -
NOTICE OF REMOVAL
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)).  Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

29.   Moreover, where a plaintiff alleges that a defendant has "'adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [laws] … [i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015).  In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint." *Id.*

30.   Here, Plaintiff proposes a class consisting of "[a]ll individuals employed by Defendants in California as non-exempt hourly employees, at any time beginning four years prior to the filing of this complaint" to the present. (Compl., ¶ 20.)  During the alleged time period, between September 8, 2012 to the present, Defendant owned and operated six manufacturing facilities in California.  Based on personnel and payroll records, approximately 3,413 persons worked at some point as a non-exempt, hourly employee at any one of these facilities since September 8, 2012. (Mendes Decl., ¶ 4.)

WSACTIVELLP:8826047.3
/CASE NO.
- 8 -
NOTICE OF REMOVAL

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

31. Plaintiff alleges failure to pay wages (California Industrial Welfare Commission ["IWC"] Wage Order 1), failure to pay overtime compensation (Cal. Lab. Code §§ 510 and 11984, and IWC Wage Order 1), non-compliant wage statements (Cal. Lab. Code § 226), waiting time penalties (Cal. Lab. Code §§ 201-203), restitution, interest, penalties, as well as attorneys' fees and costs. (Compl., ¶¶ 11-19, 35-65.)

32. More specifically, through his Complaint, Plaintiff asserts claims for himself and the putative class that they "were subject to a company practice of failing to pay all straight time wages due to a rounding policy and/or other clocked-time adjustment." (Compl., at ¶ 22.) Consequently, as a matter of policy and practice, Plaintiff alleged that Defendant uniformly and systematically required Plaintiff and putative class members to work off the clock by rounding employee time, and that Defendant does not pay wages and overtime wages due based upon that rounding policy. In addition to not being paid all wages and overtime as a result of Defendant's alleged uniform and systematic rounding policies/practices resulted, Plaintiff also alleges that these policies/practices also resulted in Plaintiff and putative class members not receiving accurate wage statements in violation of California Labor Code section 226(a), and not receiving all due compensation at termination, in violation of California Labor Code sections 201-203. (Compl., at ¶¶ 44-45, 48, 55-56, 58.)

33. The Complaint puts well more than $5 million in controversy. First, Plaintiff's claim under Labor Code Section 226 based on alleged inaccurate wage statements can easily be calculated. California Labor Code section 226(e)(1) provides for a penalty of $50 for the initial pay period and $100 for each and every subsequent pay period that an inaccurate wage statement was provided, up to $4,000. Cal. Labor Code § 226(e). The statute of limitations for a section 226 claim is one year. *Mejia*, 2015 WL 2452755, *5. Plaintiff alleges that "[b]ecause of Defendants' rounding policies and practices, Defendants have knowingly and

WSACTIVELLP:8826047.3      - 9 -
/CASE NO.
NOTICE OF REMOVAL

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

intentionally failed to comply with Labor Code section 226, subdivision (a) on **each and every wage statement** that should have been provided to Plaintiff and member of the Plaintiff class." (Complaint, ¶ 43 (emphasis added).)

34. Between September 8, 2015 and the present, there have been 69,754 pay periods for the 2,420 class members working for Defendant in California. (Mendes Decl., ¶ 5.) Awarding $50 to each class member for the first pay period in this window, and $100 for each subsequent pay period during this window (maximum of $4,000 per class member) puts $7,320,600 in controversy for this claim alone. (*Id.*)

35. Second, Plaintiff claims that the putative class is entitled to waiting time penalties pursuant to Cal. Lab. Code § 203, which provides that employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination. (Compl., ¶ 54.) Plaintiff expressly seeks 30 days of penalties for each class member who is a former employee. (Compl., ¶ 56.) The statute of limitations for a section 203 claim is three years. *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, *2 (Apr. 22, 2014).

36. During the period of September 8, 2013 to the present, at least 963 class members ended their employment with Defendant. (Mendes Decl., ¶ 6.) If these 963 class members received 30 days of pay, then wages would be owed in the amount of $3,726,309. (*Id.* at ¶ 7.)

37. Third, Plaintiff also seeks an award of reasonable attorneys' fees in this action. (*See* Compl. at Prayer for Relief [citing Cal. Lab. Code § 1194 and Cal. Civ. Proc. Code § 1021.5]; *see also* Compl., at ¶¶ 37, 41, 52, 58, 65 [citing Cal. Lab. Code §§ 1194, 203, 226(e), and Cal. Civ. Proc. Code § 1021.5].) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of

WSACTIVELLP:8826047.3
/CASE NO.
- 10 -
NOTICE OF REMOVAL
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).

38. For purposes of calculating the amount in controversy for attorneys' fees in a class action, courts add 25 percent of the class recovery demanded in the Complaint. *See Hughes v. Fosdick*, 106 F.Supp.3d 1078, 1083 (2015) ("Defendants argue that a 25 percent attorneys' fees calculation should be added to the reimbursement amount in controversy because Hughes seeks to recover reasonable attorneys' fees…To calculate this value, the Court considers the amount of attorneys' fees the plaintiff could reasonably be awarded. In the class action settlement context, the Ninth Circuit has found that a 25 percent of the common fund is a reasonable attorneys' fees award. Thus, the Court concludes that defendants' estimate of an additional 25 percent of the mileage reimbursement value is reasonable.") (citations omitted).

39. Considering that the sum of the demanded recovery noted above is calculated to be $11,046,909, it is reasonable that Plaintiff's demand for attorneys' fees is $2,761,727.25 ($11,046,909 x 25%).

40. Accordingly, the amount in controversy in this case is at least $13,808,636.25.[1]

41. Defendant does not concede Plaintiff's claims have any merit, however, when the relief sought on behalf of the putative class is taken as a whole, the amount in controversy for Plaintiff's class claims more likely than not is in

---

[1] Defendant notes that this calculation meets the minimum threshold under CAFA even without a calculation of Plaintiff's primary legal theory for unpaid wages for off-the-clock work and overtime based on an alleged company practice of improper rounding. Even if only one minute of lost time per punch due to rounding is calculated, that adds $1,753,580 to the amount in controversy. (Mendes Decl., ¶ 8.)

WSACTIVELLP:8826047.3 - 11 -
/CASE NO.
NOTICE OF REMOVAL
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

excess of the $5 million jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1441(a). *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.") Accordingly, the potential amount in controversy is in excess of the $5 million threshold for CAFA jurisdiction.

## V.   NOTICE OF REMOVAL

42.   A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego.

43.   By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law. Defendant expressly reserves the right to require that the claims of Plaintiff and/or all members of the putative class be decided on an individual basis.

44.   WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, San Diego County, to the United States District Court for the Southern District of California.

Dated: November 7, 2016

Respectfully submitted,

FORD & HARRISON LLP

By: */s/ Daniel B. Chammas*
    Daniel B. Chammas
    Alexandria Witte
    Attorneys for Defendant
    KRAFT HEINZ FOOD COMPANY

WSACTIVELLP:8826047.3
/CASE NO.
- 12 -
NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES