# EXHIBIT A

1 | Timothy D. Cohelan (SBN 60827)
Isam C. Khoury (SBN 58759)
2 | Michael D. Singer (SBN 115301)
Janine R. Menhennet (SBN 163501)
3 | **COHELAN KHOURY & SINGER**
605 C Street, Suite 200
4 | San Diego, California 92101
Phone: (619) 595-3001
5 | Fax:   (619) 595-3000

6
Sahag Majarian, II (SBN 146621)
7 | **LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
8 | Tarzana, CA 91356
Phone: (818) 609-0807
9 | Fax:   (818) 609-0892

10 | Attorneys for Plaintiff ENRIQUE VAZQUEZ,
individually and on behalf of others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/08/2016** at 04:13:08 PM

Clerk of the Superior Court
By Cody Newlan, Deputy Clerk

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF SAN DIEGO

13 | ENRIQUE VAZQUEZ, individually and on
behalf of himself and others similarly situated,

CASE NO.: 37-2016-00031242-CU-OE-CTL

**CLASS ACTION
COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE
RELIEF**

Plaintiff,

1. Underpayment of Hourly Wages (Wage
Order 1-2002)

vs.

2. Underpayment of Overtime Wages (Labor
Code §§ 510, 1194, Wage Order 1-2002)

KRAFT HEINZ FOODS COMPANY, a
Pennsylvania Corporation, and DOES 1
through 25, inclusive,

3. Failure to Provide Accurate and Compliant
Itemized Wage Statements (Labor Code § 226)

Defendants.

4. Failure to Timely Pay Wages to Terminated
Employees (Labor Code §§ 201- 203)

5. Violation of Unfair Competition Law
(Business & Professions Code § 17200, et seq.)

**DEMAND FOR JURY TRIAL**

- 1 -
CLASS ACTION COMPLAINT

1    Plaintiff ENRIQUE VAZQUEZ ("Plaintiff"), individually and on behalf of himself and
2  others similarly situated, alleges as follows:

3                              **INTRODUCTION**

4       1.      Plaintiff brings this class action against Defendant KRAFT HEINZ FOODS
5  COMPANY, and DOES 1 through 25 ("Defendants" or "KRAFT") to recover underpaid regular
6  and underpaid overtime wages due to Defendants' rounding of time entries. Plaintiff also seeks
7  penalties for Defendants' failure to pay all wages due to all terminated or resigned employees and
8  failure to properly itemize wage statements which comply with Labor Code 226(a).

9       2.      Plaintiff's damages do not exceed $74,999.00.

10      3.      The Putative Class' damages do not exceed $4,999,999.00.

11                          **JURISDICTION AND VENUE**

12      4.      Venue as to each Defendant is proper in this judicial district, pursuant to Code of
13  Civil Procedure, section 395. Defendant KRAFT is a Pennsylvania corporation with an operations
14  plant in San Diego County, California. Defendant KRAFT employ hundreds of employees in San
15  Diego County at its plant in San Diego County, thereby conducting significant business in San
16  Diego County, and each Defendant is within the jurisdiction of this Court for service of process
17  purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly
18  situated within the State of California and within San Diego County.  There is no federal question
19  at issue, nor is there diversity of citizenship, as the issues herein are based solely on California
20  statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, Civil
21  Code, and Business and Professions Code and all parties are residents of California.

22      5.      Further, Business and Professions Code, section 17203 provides that any person
23  who engages in unfair competition may be enjoined in any court of competent jurisdiction.
24  Business and Professions Code, section 17204 provides that any person acting on his or her own
25  behalf may bring an action in a court of competent jurisdiction.  Thus, the above entitled court
26  maintains appropriate jurisdiction to hear this matter.

27                              **PARTIES**

28      6.      Plaintiff ENRIQUE VAZQUEZ is a resident of the State of California, in San

1  Diego County.  Plaintiff ENRIQUE VAZQUEZ was employed by Defendants in the State of
2  California in San Diego County.  He worked in the sanitation department at the plant from 2012
3  through 2016, as an hourly, non-exempt employee. Plaintiff's time records were rounded resulting
4  in underpayment of straight time and overtime hours worked.  Defendants failed to timely pay all
5  wages due upon termination and failed to provide accurate, compliant, itemized wage statements.

6      7.      Defendant KRAFT HEINZ FOODS COMPANY is a Pennsylvania corporation and
7  operates throughout California. KRAFT employs hundreds of Class Members in San Diego
8  County and throughout California at several locations.  At each of its locations, KRAFT employs
9  non-exempt, hourly employees. As a matter of company payroll practices, Defendant KRAFT
10  rounds time clock in/out records, and/or makes some other clocked-time adjustment, incorrectly
11  shorting employees of straight time and overtime worked. The rounding is neither neutral on its
12  face nor does it result in full compensation for all hours actually worked by employees. Moreover,
13  KRAFT failed to provide accurate and facially-compliant wage statements, and failed to timely
14  pay all wages owed to terminated or resigned employees.

15      8.      KRAFT, according to its advertisements for employees, is a "global food and
16  beverage powerhouse," representing "over $29 billion in revenue and is the third largest food and
17  beverage company in North America." Accordingly, its processing plants distributing food for
18  consumption fall under California's Wage Order No. 1.

19      9.      Plaintiff is unaware of the true names, capacities, relationships, and extent of
20  participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 25, but is
21  informed and believes and thereon alleges that said Defendants are legally responsible for the
22  wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names.
23  Plaintiff will amend this complaint when their true names and capabilities are ascertained.

24      10.      Plaintiff is informed and believes and thereon alleges that each Defendant, directly
25  or indirectly, or through agents or other persons, employed Plaintiff and other members of the
26  class, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed
27  and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as
28  the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

1  pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

2  **GENERAL ALLEGATIONS**

3     11.    During all, or a portion, of the Class Period, Plaintiff and each member of the
4  Plaintiff Class were employed by Defendants and each of them, in the State of California.

5     12.    California Labor Code section 1194 provides that notwithstanding any agreement
6  to work for a lesser wage, an employee receiving less than the legal overtime compensation is
7  entitled to recover in a civil action the unpaid balance of their overtime compensation, including
8  interest thereon, reasonable attorneys' fees, and costs of suit.

9     13.    Plaintiff and each Plaintiff Class member were non-exempt employees covered
10  under one or more Industrial Welfare Commission (IWC) Wage Orders, including 1-2002 ("Wage
11  Orders"), and Labor Code section 510, and/or other applicable wage orders, regulations and
12  statutes, and each Plaintiff Class member was not subject to an exemption for executive,
13  administrative, professional employees, or any other exemption, which imposed an obligation on
14  the part of the Defendants to pay Plaintiff and Plaintiff Class members lawful overtime
15  compensation.

16     14.    During the Class Period, Defendants were obligated to pay Plaintiff and the
17  Plaintiff Class overtime compensation for all hours worked over eight (8) hours of work in one
18  day or forty (40) hours in one week.

19     15.    Plaintiff and each Plaintiff Class member worked in excess of the maximum
20  regular rate hours set by the IWC in the above Wage Orders, regulations or statutes, and therefore
21  entitled the Plaintiff and Plaintiff Class members to appropriate overtime compensation at time
22  and a half (1 ½) rate of their regular pay, and when applicable, double time rates as set forth by the
23  above Wage Orders, regulations and/or statutes.

24     16.    During the Class Period, the Defendants, and each of them, required the Plaintiff
25  and Plaintiff Class members to work overtime but did not pay lawful overtime compensation, in
26  violation of the various above applicable Wage Orders, regulations and statutes.

27     17.    During the class period, the Defendants, and each of them, failed to provide
28  accurate, compliant, itemized wage statements to Plaintiff and members of the Plaintiff Class.

1      18.     During the class period, the Defendants, and each of them, failed to pay all wages

2 owed, in a timely fashion, to terminated members of the Plaintiff Class.

3      19.     Business and Professions Code, section 17203 provides that any person who

4 engages in unfair competition may be enjoined in any court of competent jurisdiction. Business

5 and Professions Code, section 17204 provides that any person who has suffered actual injury and

6 has lost money or property as a result of the unfair competition may bring an action in a court of

7 competent jurisdiction.

8                              **CLASS ACTION ALLEGATIONS**

9      20.     Plaintiff brings this action on behalf of himself and all others similarly situated as a

10 class action pursuant to Code of Civil Procedure, section 382. The members of the Class are

11 defined as follows:

12            All individuals employed by Defendants in California as non-exempt hourly
              employees, at any time beginning four years prior to the filing of this
13            complaint.

14      21.     Further, Plaintiff brings this action on behalf of himself and all other similarly

15 situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

16            Plaintiff Subclass: All members of the Plaintiff class whose actual time
              records show that they were not compensated for all time worked.
17

18      22.     Further, Plaintiff brings this action on behalf of himself and all other similarly

19 situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

20            Plaintiff Subclass: All members of the Plaintiff class who were subject to a
              company practice of failing to pay all straight time wages due to a
21            rounding policy and/or other clocked-time adjustment.

22      23.     Further, Plaintiff brings this action on behalf of himself and all other similarly

23 situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

24            Plaintiff Subclass: All members of the Plaintiff class who were subject to a
              company practice of underpayment of overtime and/or double-time wages.
25

26      24.     Further, Plaintiff brings this action on behalf of himself and all other similarly

27 situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:
           Plaintiff Subclass: All members of the Plaintiff class who, within one year
28            of the filing of the Complaint, were subject to a company practice of

1    failing to accurately itemize wage statements.

2    25.    Further, Plaintiff brings this action on behalf of himself and all other similarly

3    situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

4    Plaintiff Subclass: All members of the Plaintiff class who, within one year
     of the filing of the Complaint, were subject to a company practice of

5    failing to comply with all requirements of Labor Code §226(a) with

6    respect to contents of wage statements.

7    26.    Further, Plaintiff brings this action on behalf of himself and all other similarly

8    situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

9    Plaintiff Subclass: All members of the Plaintiff class who, within three
     years of the filing of the Complaint, were subject to a company practice of

10   failing to timely pay all wages due at termination.

11   27.    Further, Plaintiff brings this action on behalf of himself and all other similarly

12   situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

13   Plaintiff Subclass: All California Class members bringing wage claims
     under the California Unfair Competition Law.

14

15   28.    Plaintiff reserves the right under California Rule of Court 3.765(b) and other

16   applicable law to amend or modify the class definition with respect to issues or in any other ways.

17   Plaintiff is the Named Representative and is a member of the Plaintiff Class. Plaintiff seeks class-

18   wide recovery based on the allegations set forth in this complaint.

19   29.    This action has been brought any may be maintained as a class action pursuant to

20   Code of Civil Procedure, section 382 because there is a well-defined community of interest in the

21   litigation and the proposed Class is easily ascertainable through the records Defendants are

22   required to keep.

23   30.    Numerosity. The members of the Class are so numerous that individual joinder of

24   all of them as Plaintiff is impracticable. While the exact number of the Class members is

25   unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there

26   are more than 1,000 Class members.

27   31.    Commonality. Common questions of law and fact exist as to all Class members

28   and predominate over any questions that affect only individual members of the Class. These

common questions include, but are not limited to:

a. Did Defendants improperly round time entries, and/or make some other clocked time adjustment, resulting in underpayment of straight time wages?

b. Did Defendants violate Labor Code sections 510 or 1194 by improperly rounding time entries, and/or make some other clocked time adjustment, resulting in underpayment of overtime time wages?

c. Did Defendants violate Labor Code section 226 (a)(2) by knowingly and intentionally failing to list in writing accurate total hours worked by the employee on wage statements?

d. Did Defendants violate Labor Code section 226 (a)(6) by knowingly and intentionally failing to list the inclusive dates of the pay period on the wage statements?

e. Did Defendants violate Labor Code section 226(a)(9) by knowingly and intentionally failing to state all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate?

f. Did Defendants violate Labor Code sections 201 and/or 202 by not paying Class Members who are no longer employed by Defendants all earned wages, including straight time wages and overtime wages, upon their termination of employment? If so, were such violations "willful" within the meaning of Labor Code section 203?

g. Did Defendants violate the Unfair Competition Law, Business & Professions Code, section 17200, et seq., by engaging in the conduct alleged in this complaint?

h. What are the effects and the extent of any injuries sustained by the Plaintiff Class and Plaintiff Subclass members and appropriate type and/or measure of damages?

i. What is the amount of restitution owed by the Defendants attributable to

1    their violation of the Unfair Competition Law by failure to pay overtime
2    compensation to the class members, and other wage violations?

3    j.    What is the appropriateness and nature of relief to each Plaintiff Class and
4          Subclass member?

5    k.    What is the extent of liability of each Defendant, including DOE
6          defendants, to each Plaintiff Class and Subclass member?

7    l.    Is injunctive relief appropriate to ensure Defendants' compliance with the
8          requirements of the Labor Code with respect to members of the Class who
9          are still currently employed by Defendants?

10   32.   Typicality.  Plaintiff's claims are typical of the claims of the other members of the
11   Class.  Plaintiff and other members of the Class were subject to the same policy and practice of
12   rounding time entries, resulting in underpayment for straight time and overtime hours.  Defendants
13   failed to provide accurate, compliant, itemized wage statements to Plaintiff and members of the
14   Plaintiff Class.  Finally, Defendants failed to timely pay all wages owed to Plaintiff and Plaintiff
15   Class members upon termination of employment.

16   33.   Adequacy.  Plaintiff will adequately and fairly protect the interests of the members
17   of the Class.  Plaintiff has no interest adverse to the interests of absent Class members.  Plaintiff is
18   represented by attorneys who have substantial class action experience in wage-and-hour and class
19   action law.

20   34.   Superiority.   A class action is superior to other available means for fair and
21   efficient adjudication of the claims of the Class and would be beneficial for the parties and the
22   Court.  Class action treatment will allow a large number of similarly situated persons to prosecute
23   their common claims in a single forum, simultaneously, efficiently, and without the unnecessary
24   duplication of effort and expense that numerous individual actions would require.  The damages
25   suffered by each Class member are relatively small in the sense pertinent to class action analysis,
26   and the expense and burden of individual litigation would make it extremely difficult or
27   impossible for the individual Class members to seek and obtain individual relief.  A class action
28   will serve an important public interest by permitting such individuals to effectively pursue

1  recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent
2  or contradictory judgments raised by individual litigation.

3                                    **FIRST CAUSE OF ACTION**

4                                  **FAILURE TO PAY REGULAR WAGES**

5                          **(Plaintiff and Plaintiff Class against each Defendant)**

6       35.    Plaintiff incorporates the preceding paragraphs.

7       36.    By rounding time entries and/or making some other clocked-time adjustment,
8  Defendants willfully breached their agreement to pay regular wages, violating the provisions of
9  Wage Order 1-2002, and Labor Code § 204, as well the agreement by Defendants to pay Plaintiff
10 and the Class he seeks to represent to pay their regular rate of pay for all hours worked.

11      37.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to
12 represent have been deprived of regular wages and/or other compensation in amounts to be
13 determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys'
14 fees, and costs.

15      38.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as
16 described below.

17                                  **SECOND CAUSE OF ACTION**

18                                 **FAILURE TO PAY OVERTIME WAGES**

19                         **(Plaintiff and Plaintiff Class against each Defendant)**

20      39.    Plaintiff incorporates the preceding paragraphs.

21      40.    By rounding time entries, and/or making some other clocked-time adjustment,
22 Defendants willfully breached their obligation to pay regular overtime wages, violating the
23 provisions of Labor Code sections 510 and 1194 and Wage Order 1-2002.

24      41.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to
25 represent have been deprived of overtime wages and/or other compensation in amounts to be
26 determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys'
27 fees, and costs.

28      42.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

1  described below.

2  **THIRD CAUSE OF ACTION**

3  **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

4  **(Plaintiff and Plaintiff Class against each Defendant)**

5      43.    Plaintiff incorporates the preceding paragraphs.

6      44.    Labor Code section 226 subdivision (a) requires Defendants to itemize in wage
7  statements all deductions from payment of wages and to accurately report total hours worked by
8  Plaintiff and members of the Plaintiff Class.  Because of Defendants' rounding policies and
9  practices, Defendants have knowingly and intentionally failed to comply with Labor Code section
10  226, subdivision (a) on each and every wage statement that should have been provided to Plaintiff
11  and members of the Plaintiff Class.

12      45.    Wage Order 1-2002(7) requires Defendants to maintain time records showing,
13  including but not limited to, when the employee begins and ends each work period, meal periods,
14  and total daily hours worked in itemized wage statements, and must show all deductions from
15  payment of wages, and accurately report total hours worked by Plaintiff and members of the
16  Plaintiff Class.  Because of Defendants' rounding policies and practices, Defendants have
17  knowingly and intentionally failed to comply with Wage Order 1-2002(7).

18      46.    Labor Code § 226(a)(6) requires that employers, including Defendant, and Does 1
19  through 25, inclusive, furnish their employees with each wage payment an accurate itemized
20  writing that also shows the inclusive dates of the period for which the employee is paid.  This
21  means that the beginning date and the ending date of the pay period must be provided on the wage
22  statement.

23      47.    Labor Code § 226(a)(9) requires that employers, including Defendant, and DOES 1
24  through 25, inclusive, list all applicable hourly rates in effect during the pay period and the
25  corresponding number of hours worked at each hourly rate by the employee.  Defendants failed to
26  list the hourly rates applicable, and number of hours worked at each hourly rate.

27      48.    Defendants intentionally and knowingly failed to provide to Plaintiff and current
28  and former employees in Paragraph 24 subclass the above-described writing showing the accurate

1  compensation due and owing, because Plaintiff was not compensated for all wages due including
2  all straight time and overtime wages. Furthermore, the itemized wage statements provided by
3  Defendants to Plaintiff and current and former employees in Paragraph 25 subclass failed to show
4  the inclusive dates of the period for which the employee is paid, as required by Labor Code section
5  226(a)(6). Further, the itemized wage statements provided by Defendants to Plaintiff and current
6  and former employees in Paragraph 25 subclass failed to show the number of hours and hourly
7  rates worked in each pay period.

8      49.    Defendants' failure to provide an accurate and legally compliant wage statement
9  deprived Plaintiff of the ability to know, understand and question the calculation and rate of pay
10  and hours used to calculate the wages paid by Defendants. Plaintiff, therefore, had no way to
11  dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic
12  enrichment to Defendant and Does 1 through 25, inclusive. As a direct result, Plaintiff suffered
13  and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost
14  interest on such wages and expenses and attorneys' fees in seeking to compel Defendant, and Does
15  1 through 25, inclusive, to fully perform their obligations under state law, all to his respective
16  damage in amounts according to proof at trial and within the jurisdiction of this Court.

17      50.    Further, Defendants' failure to list the inclusive dates of the pay period on the wage
18  statements prevented Plaintiff, and other current and former employees, from discerning the dates
19  of the pay period without resort to other documents, thereby sustaining injury.

20      51.    Labor Code § 226, in part, permits employees suffering injury to collect actual
21  damages or the amount specified in Section 226.

22      52.    As a result of this knowing and intentional failure to comply with Labor Code §
23  226(a), Plaintiff and other current and former employees have suffered an injury in that they were
24  prevented from knowing, understanding and disputing the wage payments paid to them. Labor
25  Code § 226(e) requires Defendant, and Does 1 through 25, inclusive, to pay the greater of all
26  actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred,
27  and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus
28  attorneys' fees and costs, to each Plaintiff who was injured by the failure to comply with Labor

1  Code § 226(a).   The exact amount of the applicable penalty is all in an amount to be shown
2  according to proof at trial.

3                              **FOURTH CAUSE OF ACTION**

4                    **FAILURE TO PAY WAGES OWED AT TERMINATION**

5                    **(Plaintiff and Plaintiff Class against each Defendant)**

6       53.    Plaintiff incorporates the preceding paragraphs.

7       54.    Labor Code sections 201 and 202 require Defendants to pay employees all wages
8  due within 72 hours of termination of employment. Labor Code section 203 provides that if an
9  employer willfully fails to timely pay such wages, then the employer must, as a penalty, continue
10 to pay the subject employees' wages until the back wages are paid in full or an action is
11 commenced. The penalty cannot exceed 30 days of wages.

12      55.    As alleged above, Plaintiff and the Class he seeks to represent are entitled to
13 compensation for unpaid regular pay and overtime pay, but to date have not received such
14 compensation.

15      56.    More than 30 days have passed since Plaintiff and certain members of the Plaintiff
16 Class have left Defendants' employ.

17      57.    Additionally, Plaintiff's employment was terminated by Defendant, causing final
18 and vacation pay to be due on the date of termination.  Defendant did not issue final and vacation
19 pay until five to six days later, violating section 201.  Plaintiff alleges that this was a custom and
20 practice, and applies to all other similarly-situated terminated putative class members, causing
21 further damages on a class-wide basis.

22      58.    As a consequence of Defendants' willful conduct in not paying wages owed,
23 certain members of the Plaintiff Class are entitled to 30 days' wages as a penalty under Labor
24 Code section 203 for failure to pay legal wages, together with interest thereon and attorneys' fees
25 and costs.

26      59.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as
27 described below.

28 ///

**FIFTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**

**(Plaintiff and Plaintiff Class against each Defendant)**

60.    Plaintiff incorporates the preceding paragraphs.

61.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code, section 17200, et seq.  Due to their unlawful and unfair business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to properly pay employees for all earned wages as required by law.

62.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and other members of the Class have suffered injury in fact and lost money or property.  Plaintiff and other members of the Class have been deprived of their rights to wages due as alleged herein.

63.    Pursuant to Business & Professions Code, section 17203, Plaintiff and other members of the Class are entitled to restitution of all wages and other moneys owed and belonging to them, including interest thereon that Defendants wrongfully withheld from them and retained for themselves by means of their unlawful and unfair business practices.

64.    Pursuant to Business & Professions Code, section 17203, Plaintiff and other members of the Class are entitled to injunctive relief to prevent the continuance of Defendants' unlawful and unfair business practices.

65.    Plaintiff and other members of the Class are entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure, section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine.

**PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

A.    For certification of this action as a class action;

B.    For appointment of Plaintiff as the representative of the Class;

- 13 -

C.  For appointment of counsel for Plaintiff as Class Counsel;

D.  For unpaid overtime and/or double-time wages;

E.  For unpaid regular wages;

F.  For remedies under Labor Code section 203;

G.  For remedies under Labor Code section 226(e) and (g);

H.  For penalties for failure to timely pay wages to terminated or resigned employees;

I.  For prejudgment interest;

J.  For reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1194;

K.  For reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1021.5;

L.  For injunctive relief; and

M.  For such other relief the Court deems just and proper.

Dated: September 8, 2016

COHELAN KHOURY & SINGER
LAW OFFICES OF SAHAG MAJARIAN II

By
Michael D. Singer
Janine R. Menhennet
Attorneys for Plaintiff ENRIQUE
VAZQUEZ, individually and on behalf of
others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands jury trial for all claims so triable.

Dated: September 8, 2016

COHELAN KHOURY & SINGER
LAW OFFICES OF SAHAG MAJARIAN II

By
Michael D. Singer
Janine R. Menhennet
Attorneys for Plaintiff ENRIQUE
VAZQUEZ, individually and on behalf of
others similarly situated

- 14 -