UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE VAZQUEZ, SERGIO ALFONZO LOPEZ, and MARIA VIVEROS, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KRAFT HEINZ FOOD COMPANY, et al.,<br><br>Defendants. | Case No.: 16cv2749-WQH (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY**<br><br>**[ECF No. 42]** |

Currently before the Court is Plaintiffs' November 10, 2017 motion to compel further discovery [ECF No. 42 ("MTC")], Defendant's November 17, 2017 opposition to Plaintiffs' motion to compel [ECF No. 46 ("Oppo.")], and Plaintiffs' November 22, 2017 reply to Defendant's response [ECF No. 47 ("Reply")]. For the reasons set forth below, Plaintiffs' motion to compel is **GRANTED IN PART** and **DENIED IN PART**.

I. **FACTUAL BACKGROUND**

The instant class action matter was removed to this Court on November 7, 2016 from the San Diego Superior Court. ECF No. 1. On May 1, 2017, District Court Judge William Q. Hayes ordered the instant class action to be consolidated with Lopez v. H.J. Heinz Company, L.P., et al., case number 17cv77-WQH (AGS), and the instant action was designated the lead case. ECF

No. 26. On May 9, 2017, Plaintiffs filed a consolidated class action complaint ("Complaint") pursuant to Judge Hayes' Order. ECF No. 29. Plaintiffs, non-exempt employees of Defendant Kraft Heinz in California, allege that they and those similarly situated:

> (1) were underpaid overtime wages owed to them, due to an improper calculation of their regular rate of pay, during the time period of September 8, 2012 to the present; (2) were underpaid all wages owed to them, due to a rounding mechanism with Defendant's time-keeping system, which systematically favored the employer, during the time period of September 8, 2012 to the present; (3) were underpaid all wages owed to them, due to donning and doffing protective gear, during the time period of September 8, 2012 to the present; (4) were underpaid all overtime wages when employees who worked pursuant to an Alternative Workweek Schedule worked more than eight hours in a day, but were required to work less hours than provided for by the Alternative Workweek Schedule, during the time period of September 8, 2012 to the present; (5) were not provided with all legally required meal periods, or paid any Labor Code section 226.7 premium payments in lieu thereof, when a legally required meal period was not provided, during the time period of September 8, 2012 to the present; (6) were not authorized or permitted to take all legally required rest periods, or paid any Labor Code section 226.7 premium payments in lieu thereof, when a legally required rest period was not provided, during the time period of September 8, 2012 to the present; and (7) who worked for Defendant during the time period of September 8, 2012 to the present and who separated their employment with Defendant from September 8, 2013 to the present, and were issued inaccurate wage statements in violation of Labor Code section 226 and were not paid all wages owed upon their separation of employment from Defendant in violation of Labor Code sections 201-203.

MTC at 7; Complaint at 6-12, 16-17. Of the three named Plaintiffs, Vazquez and Lopez worked at a Kraft Heinz location in San Diego, and Plaintiff Viveros worked at a Kraft Heinz location in Fullerton. Id. at 8.

/ / /

/ / /

/ / /

## II. **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

An organization may be deposed in the following manner:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

## III. **DISCUSSION**

Plaintiffs claim that Defendant Kraft Heinz operates eight locations throughout California

that employ putative class members.[1]  MTC at 6.  The three named Plaintiffs worked at two of the eight locations, and Defendant has refused to respond to any discovery beyond those two locations.  Id.  Plaintiffs seek to conduct discovery regarding all of Kraft Heinz's California locations. Id. at 12.  Specifically, Plaintiffs seek an order from the Court requiring: (1) deposition testimony from Defendant's Rule 30(b)(6) witness as to the relevant policies and practices at all eight California locations; (2) a sampling of putative class member contact information for Defendant's eight California locations that employed putative class members; and (3) a sampling of putative class member timekeeping and payroll records for Defendant's eight California locations that employed putative class members.  Id.

Plaintiffs argue that the discovery sought is relevant and discoverable under Rule 26, and that Plaintiffs have made a prima facie showing that these issues impact employees at all of Defendant's locations in California.  Id.  Defendant opposes discovery beyond the two facilities where the named Plaintiffs worked because Defendant contends that Plaintiffs have failed to make the required prima facie showing that the elements of Rule 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  Oppo. at 7-9.  Defendant argues that Plaintiffs' allegation that Defendant's payroll is "centralized" is unsupported and that Plaintiff has provided no evidence that breaks or meals were missed, short or late. Id. at 13-17. Plaintiffs respond in their reply brief that they have provided significant evidence that the requested discovery is likely to "produce substantiation of the class allegations" as required by Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985), and that Defendant improperly argues merits-based issues.  Reply at 3-7.  Plaintiffs also contend that they have evidence of missed meal periods and that Defendant misrepresented this evidence to the Court.  Id. at 7-9.

The scope of pre-class certification discovery lies within the sound discretion of the trial

---

[1] Contrary to Plaintiffs' assertion that Kraft Heinz operates **eight** locations in California, Defendant states that it has employed approximately 3,593 hourly, non-exempt individual at the following **eleven** locations in California since September 8, 2012:  San Diego, Fullerton, Tulare, Irvine, Greenfield, Chatsworth, Stockton, San Leandro, Escalon, and two different locations in Fresno.  Oppo. at 5 (emphasis added).

court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975)). In seeking discovery before class certification, Plaintiffs bear the burden of making a prima facie showing that the Federal Rule of Civil Procedure 23 requirements are satisfied or that discovery is likely to substantiate the class allegations (Mantolete Burden). Salgado v. O'Lakes, 2014 WL 7272784, at *4 (E.D. Cal. Dec. 18, 2014); see also Coleman, 2013 WL 2896884, at *4 (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")).

Federal Rule of Civil Procedure 23(a) permits a class action to proceed where

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action will only be certified if

> (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) "the questions of law and fact common to class members predominate over any questions affecting only individual members and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Coleman, 2013 WL 2896884, at *4. "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination" of whether a class action is maintainable. Id. (citing Kamm, 509 F.2d at 210) (stating that "[t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it

5

is not required.").

Here, Plaintiffs have not made a prima facie showing that the Rule 23 class requirements are satisfied for employees outside of the San Diego or Fullerton locations or that the requested discovery—a sampling of putative class member contact information for Defendant's eight California locations and/or the timekeeping and payroll records from those locations—is relevant, proportional, and likely to establish the class allegations. While Plaintiffs contend that their claims are typical and common of all non-exempt employees of defendant who worked in California, they provide very little evidence to support their claims.

Plaintiffs' primary argument is that the alleged violations relate to improper wage calculations and because Defendant utilized a centralized payroll for all of its locations, Plaintiffs assert that the payroll errors impacted all locations and therefore they are entitled to statewide discovery. MTC, at 8. To support their claim that Defendant used a centralized payroll, Plaintiffs cite largely to the Complaint, which is not evidence. See, e.g., MTC, at 8-9; see, e.g., U.S. v. Bailey, 696 F.3d 794, 801 (9th Cir. Aug. 27, 2012) ("All a complaint establishes is knowledge of what a plaintiff claims."). The only evidence Plaintiffs cite in support of their argument is a January 2017 PowerPoint presentation about a new online portal for employees to view their paychecks. Haines Decl., ¶ 3; see also ECF No. 42-1, Exhibit B (PowerPoint presentation), 13-27. Defendant opposes Plaintiffs' argument noting that "[t]he new payroll system—implemented in January 2017, months *after* the class action was even filed—enables employees to access an online portal in order to view information and make changes regarding paychecks and benefits." Oppo., at 6 (emphasis in original) (citing Bogan Decl., ¶ 5). In the Declaration of Dave Bogan in Support of Defendants' Opposition to Plaintiffs' Motion to Compel Further Discovery, Mr. Bogan, the Director of Human Resources, U.S. Manufacturing and Labor Relations, for Kraft Heinz Foods Company ("KHFC") explains:

> In January 2015, KHC implemented a new payroll system with Global Business Solutions ('GBS'), which enables employees to access an online portal in order to view information and make changes regarding paychecks and benefits. Each KHFC location handles payroll in its own way, with its own practices, and then transfers that data to GBS. Decisions on what is compensable are made at each location

6

and not centralized. With respect to timekeeping practices, the Fullerton facility has not and does not round employees' time punches, and pays employees based on actual minutes worked, during the time period beginning September 8, 2012 through the present.

Bogan Decl., ¶¶ 5, 6. Plaintiffs do not dispute or otherwise respond to Defendant's arguments in their briefing. Accordingly, the Court agrees with Defendant that the new payroll system and related January 2017 PowerPoint do not support Plaintiffs' argument that Kraft Heinz has centralized payroll for all of its California locations.

Plaintiffs do provide evidence that three of defendant's locations (San Diego, Chatsworth, and Irvine) have uniform payroll policies and practices. Haines Decl., at ¶¶ 4-5 (citing Exhibits C and D). Mr. Haines explains that attached to his declaration, as Exhibit C, "are payroll configuration rules for Defendant's Chatsworth, Irvine and San Diego locations, pertaining to the automatic deduction of 30 minutes for a purported meal period in the event that a putative class member doesn't punch out for a meal period." Haines Decl., at ¶ 4; see also ECF No. 42-1, Exhibit C, 28-31 (excerpt from Defendant's "Workforce Timekeeper Pay Policy and Configuration Rules"). Mr. Haines also explains that attached to his declaration, as Exhibit D, "are payroll configuration rules for Defendant's Chatsworth, Irvine and San Diego locations, pertaining to Kraft Heinz's timekeeping rounding rules." Haines Decl., at ¶ 5; see also ECF No. 42-1, Exhibit D, 32-36 (excerpt from Defendant's "Workforce Timekeeper Pay Policy and Configuration Rules"). Plaintiffs acknowledge that they do not know whether the same policies and procedures apply to other locations, but they theorize that it is likely. Reply, at 4-5. This evidence still is insufficient to demonstrate company-wide violations because "for most of the class period (before July 2015), these 11 locations were not under common ownership, with five (5) of the locations wholly owned by H.J. Heinz Company, LP ('Legacy Heinz') and other six (6) owned by Kraft Foods Group, Inc. ('Legacy Kraft')." Oppo., at 8 (citing Bogan Decl., at ¶ 4). In Mr. Bogan's Declaration, he explains that "[b]efore July 2015, six (6) of the 11 facilities were owned by Legacy Kraft and five (5) of them were owned by Legacy Heinz." Bogan Decl., at ¶ 4. Notably, Plaintiffs fail to address whether the three locations that Plaintiffs claim have uniform payroll policies and practices were under common ownership prior to July 2015. MTC; Reply.

7

Plaintiffs' evidence also is insufficient to demonstrate company-wide violations because class members at five of the nine locations in question are members of different unions and are subject to different collective bargaining agreements. Oppo., at 8 (citing Bogan Decl., at ¶ 7). In Mr. Bogan's declaration, he explains:

> Some of KHFC's California locations were and/or are unionized during the time period beginning September 8, 2012 to the present. The Fullerton, San Leandro, Escalon, Chatsworth, Stockton, and one of the Fresno locations are all unionized and each facility is governed by a different collective bargaining agreement that imposed different workplace rules that are relevant to this case.

Bogan Decl., at ¶ 7. Defendant argues that "[m]eal breaks, rest periods, donning and doffing, bonuses, and rounding are all topics that affect wages and working conditions and are required subjects of collective bargaining." Oppo., at 8. Plaintiffs fail to address in their briefing how these different unions and collective bargaining agreements impact their argument for statewide discovery. MTC; Reply.

In sum, the Court finds that Plaintiffs have not provided evidence making a prima facie showing that the Rule 23 class requirements are satisfied for California employees working outside of the San Diego or Fullerton locations. Plaintiffs provide no testimony, declarations, or discovery responses that indicate company-wide violations or support their contention that the provided policies are in conflict with the law. See Silva v. Avalonbay Communities, Inc., 2015 WL 11438549, at *2 (C.D. Cal. Sept. 2, 2015) (limiting discovery to the facility where plaintiff worked and noting that plaintiff "presented no evidence, through declaration, interrogatory response or otherwise, that any other employee experienced the same treatment as he alleges he suffered, or that others were subjected to the same unlawful practices of which he complains, or that defendant maintained an unlawful policy or practice at any or all of its facilities"); see also Dittmar v. Costco Wholesale Corp., 2016 WL 7188231, at *4 (S.D. Cal. Dec. 12, 2016) (permitting some discovery beyond Plaintiff's work location where there were statements made about employees in other regions, declarations, and deposition testimony concerning violations in multiple regions). Plaintiffs' attempt to distinguish Mantolete by arguing that Mantolete involved a nationwide class, and the instant action is a statewide class is unconvincing. MTC,

at 14.  Courts, including this court, have found statewide discovery inappropriate when a prima facie case was not made for class violations outside of named plaintiffs' work locations. See, e.g., Calleros v. Rural Metro of San Diego, Inc., No. 17cv686-CAB (BLM), 2017 WL 4391708, at *3 (S.D. Cal. Oct. 3, 2017) ("While Plaintiffs establish numerosity by alleging that the statewide class has more than 1,993 putative class members, Plaintiffs provide very little evidence to establish commonality for those working outside of the San Diego region.")

Plaintiffs' motion to compel deposition testimony from Defendant's Rule 30(b)(6) witness as to the relevant policies and practices at all eight California locations is **DENIED**.  In light of the evidence set forth by Plaintiffs that three of Defendant's locations (San Diego, Chatsworth, and Irvine) may have uniform payroll policies and practices,[2] the Court **GRANTS** Plaintiffs' motion to compel deposition testimony from Defendant's Rule 30(b)(6) witness on the issue of whether Defendant Kraft Heinz has centralized payroll for its California locations.  Plaintiffs' motion to compel a sampling of putative class member contact information for Defendant's eight California locations that employed putative class members is **DENIED**.  Plaintiffs' motion to compel a sampling of putative class member timekeeping and payroll records for Defendant's eight California locations that employed putative class members is also **DENIED**.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Plaintiffs' motion to compel deposition testimony from Defendant's Rule 30(b)(6) witness as to the relevant policies and practices at all eight California locations is **DENIED**.  To the extent Plaintiffs seek Rule 30(b)(6) deposition testimony from Defendant Kraft Heinz on the issue of whether Defendant Kraft Heinz has centralized payroll for its California locations, Plaintiffs' Motion to Compel is **GRANTED**. On or before **January 5, 2018**, Plaintiffs may serve a Rule 30(b)(6) deposition notice on Defendant on the issue of whether Defendant Kraft Heinz

---

[2] Haines Decl., at ¶¶ 4-5 (citing Exhibits C and D).

has centralized payroll for its California locations.
   b. Plaintiffs' motion to compel a sampling of putative class member contact information for Defendant's eight California locations that employed putative class members is **DENIED**.
   c. Plaintiffs' motion to compel a sampling of putative class member timekeeping and payroll records for Defendant's eight California locations that employed putative class members also is **DENIED**.

**IT IS SO ORDERED**.

Dated: 12/13/2017

Hon. Barbara L. Major
United States Magistrate Judge