UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ENRIQUE VAZQUEZ, SERGIO ALFONZO LOPEZ, and MARIA VIVEROS, individually and on behalf of themselves and others similarly situated,

Plaintiffs,

v.

KRAFT HEINZ FOODS COMPANY, a Pennsylvania Corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No.: 16cv2749-WQH (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST TO TAKE MORE THAN TEN DEPOSITIONS UNDER FED. R. CIV. P. 30, AND TO STRIKE THE TWENTY-EIGHT DECLARATIONS FROM WITNESSES THAT WERE NOT TIMELY DISCLOSED**

**[ECF No. 62]**

On April 3, 2018, counsel for the parties called the Court to discuss a discovery dispute regarding the number of depositions. The Court issued a briefing schedule allowing the parties to file simultaneous letter briefs in support of their respective positions. ECF No. 58. The parties timely filed their letter briefs on April 9, 2018. ECF Nos. 61 and 62. Plaintiffs' letter brief requests "leave of Court under Rule 30(a)(2) in order to take more than 10 depositions, so that Plaintiffs can depose the 43 putative class members who have filed declarations in support of Defendant Kraft Heinz Food Company's ('Kraft') Opposition to Plaintiffs' Motion for Class Certification." ECF No. 62 at 2 (hereinafter "Plaintiffs' Motion"). Plaintiffs' Motion also requests that "the Court strike the 28 putative class member declarations that were not timely disclosed under Rule 37." Id. at 4. Defendant opposes Plaintiffs' request and argues that "Plaintiffs have not and cannot make a particularized showing of a need to take more than 10 depositions in this action.

1

16cv2749-WQH (BLM)

If Plaintiffs are limited to 10 depositions, then they will have taken the depositions of 9 class members, which is a sufficient sample." ECF No. 61 at 3 (hereinafter "Defendant's Opposition"). For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

I. **RELEVANT DISCOVERY BACKGROUND**

A Case Management Conference was held on July 14, 2017 and the Court issued a Scheduling Order on the same day. ECF No. 40. In advance of the Case Management Conference, the parties filed a Joint Discovery Plan. ECF No. 35. The Joint Discovery Plan states in relevant part: "Presently, the parties do not request any modification to the following limitations on discovery imposed by the Court: Depositions – 7."[1] Id. at 5. The plan is silent on what circumstances would necessitate additional depositions. See id.

Plaintiffs filed their Motion for Class Certification under Rule 23 on March 16, 2018, which is currently pending before the District Court Judge. ECF No. 56. On March 19, 2018, Plaintiffs also filed a Motion to Disqualify Counsel for Defendant, which is also pending before the District Court Judge. ECF No. 57. On April 6, 2018, Defendant filed its Response in Opposition to Plaintiffs' Motion for Class Certification. ECF No. 59. Defendant attached a "Compendium of Employee Declarations in Support of Defendant's Opposition to Plaintiffs' Motion for Class Certification" including forty-three declarations from Defendant's employees. ECF No. 59-4 at 2-258. Twenty-eight of the declarations were signed and executed on November 8, 2017

---

[1] On November 14, 2016, Magistrate Judge Andrew Schopler issued a notice and order that, inter alia, provided that the parties would be limited to five depositions per side, unless the parties modified the number in their Joint Discovery Plan. ECF No. 6 at 5. In the initial Joint Discovery Plan filed on December 22, 2016 when Enrique Vazquez was the only named Plaintiff in his action, the parties did not request a change in the number of depositions. ECF No. 12 at 3. On May 1, 2017, several cases were consolidated to the present action and the parties were ordered to file a new Joint Discovery Plan to "supersede the Joint Discovery Plan" previously filed. ECF No. 26. On July 7, 2017, the parties submitted a new Joint Discovery Plan in which they agreed to limit the number of depositions to seven per side. ECF No. 35. On July 10, 2017, this case was reassigned to Judge Major. ECF No. 36. Given the parties' agreement, it is unclear why the parties state that the permissible number of depositions is ten, rather than seven.

2

16cv2749-WQH (BLM)

and November 9, 2017, and the remaining declarations were signed and executed in March and April 2018.  Id.  As of April 9, 2018, Plaintiffs have taken five depositions.  Plaintiffs' Mot. at 2.

## II. **LEGAL STANDARD**

Fed. R. Civ. P. 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  Fed. R. Civ. P. 30(a)(2) states in relevant part that a "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants."  Fed. R. Civ. P. 30(a)(2)(A)(ii).  Fed. R. Civ. P. 26(b)(1) provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Pursuant to Fed. R. Civ. P. 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines" the following:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

/ / /
/ / /
/ / /
/ / /

## III. ANALYSIS

### A. Plaintiffs' Request to Take More Than Ten Depositions

Plaintiffs seek an order from the Court under Fed. R. Civ. P. 30(a)(2) allowing them to take more than the ten[2] depositions allowed by Fed. R. Civ. P. 30, so that Plaintiffs may depose the forty-three putative class members who filed declarations in support of Defendant's opposition to Plaintiffs' motion for class certification. Plaintiffs' Mot. at 2. In support, Plaintiffs claim that to do otherwise would "deny Plaintiffs the ability to examine these circumspect declarations which are largely boilerplate in nature, and which are heavily relied upon by [Defendant] in Opposition to Class Certification." Id. Additionally, Plaintiffs claim that Defendant intentionally concealed the identity of twenty-eight of the forty-three putative class members at issue by waiting until after Plaintiffs filed their motion for class certification to disclose them. Id. at 2-3. Plaintiffs claim that the twenty-eight putative class members executed their declarations in November 2017, but Defendant waited three months after execution to serve Plaintiffs with Supplemental Initial Disclosures identifying these declarants as potential witnesses. Id. Plaintiffs argue that because of the "circumspect" declarations, the untimely disclosure, and Defendant's subsequent filing of the twenty-eight declarations—plus an additional fifteen—in support of its opposition to class certification, Plaintiffs should be allowed to depose all forty-three individuals for up to two hours each. See id.

Defendant argues that the request is premature because Plaintiffs have only taken five depositions to date, so they have not yet exhausted the limit of ten. Def.'s Oppo. at 1. Next, Defendant argues that Plaintiffs cannot make the required particularized showing for exceeding the ten-deposition limit merely because there are declarants that Plaintiffs have not deposed. Id. at 2. Defendant also argues that Plaintiffs can instead use their remaining five depositions on five of the declarants, which is an adequate sampling. Id. Defendant claims that Plaintiffs have already deposed four putative class members, and deposing any more than nine putative

---

[2] The Court notes that the parties stipulated to seven depositions in their Joint Discovery Plan. ECF No. 35.

class members is "cumulative and poses an undue expense" on Defendant. Id. at 3. Furthermore, Defendant argues that "Plaintiffs' concerns with defense counsel's communications with class members is without merit." Id. at 2. Finally, in the alternative, Defendant requests that if the Court permits additional depositions, to limit it to no more than fifteen total. Id. at 3.

As a threshold issue, the Court declines to impose a requirement that Plaintiffs make a "particularized showing" for exceeding the ten-deposition limit. While Defendant cites legal authority supporting its position [Def.'s Oppo. at 2], the Court finds the legal reasoning set forth in Laryngeal Mask Co. Ltd. v. Ambu A/S, No. 3:07cv01988-DMS (NLS), 2009 WL 10672436, at *2–4 (S.D. Cal. July 17, 2009), more persuasive and legally sound. As the Laryngeal court explained, "[t]he plain language of the Rules and Advisory Committee Notes do not require a particularized showing." Id. at *4. Rather, the Court "must grant leave" for additional depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Similarly, the Federal Rules of Civil Procedure do not require Plaintiffs to utilize all authorized depositions before seeking permission to conduct additional depositions, and the Court declines to impose such a requirement in this case. See Laryngeal at *2.

Here, the requested depositions comport with the requirements of Fed. R. Civ. P. 26. They seek relevant information since the proposed deponents filed declarations opposing an important motion. Moreover, deposing at least some sampling of the proposed deponents is proportional and not unreasonably cumulative or duplicative since Defendant determined that all forty-three declarations were required to support its motion and were not cumulative. Finally, the benefits of taking the additional depositions outweigh the burden or expense, particularly in light of Plaintiffs' proposal to "depose these individuals for no more than two hours each." Plaintiffs' Mot. at 2. Accordingly, the Court finds that Rule 30(a)(2) dictates that Plaintiffs be allowed to take depositions exceeding the authorized number.

Even if a particularized showing was required, Plaintiffs have met that standard. Defendant filed forty-three employee declarations in support of its opposition to class certification. ECF No. 59-4 at 2-258. Twenty-eight of the declarations were executed in

November 2017 and yet Defendant did not amend its Initial Disclosures to identify these individuals until March 19, 2018, three days after Plaintiffs filed their motion for class certification. Def.'s Oppo. at 2 n.2; Plaintiffs' Mot. at 3. In its opposition to class certification, Defendant repeatedly cites to and relies on the employee declarations. See ECF No. 59 at 16-19, 22-23, 25-26, 28-29. As such, Defendant and these employees have inserted these employees into the litigation. See Antoninetti v. Chipotle, Inc., No. 06cv2671-BTM (WMC), 2011 WL 2003292, at *1-2 (S.D. Cal. May 23, 2011).

In Antoninetti, the defendant sought permission from the court to depose a sampling of forty-one absent class members who were identified as witnesses in plaintiff's supplemental disclosures and who submitted declarations in support of the plaintiff's motion for class certification. See id. at *1. The court allowed the defendant to depose twenty of the forty-one absent class members after finding that absent class members had "injected themselves into the litigation on two fronts" and that the scope of the request was permissible. Id. at *2. The court imposed limitations including a one-hour time limit, as requested by the defendant. Id. at *1-2. The Court finds that the Antoninetti reasoning supports this Court's decision.

Based upon the large number of declarations, as well as Defendant's strong reliance on the declarations to support its opposition to class certification, and the fact that Defendant failed to identify these witnesses until after Plaintiffs filed their motion for class certification, the Court finds that Plaintiffs have established good cause to exceed the number of authorized or agreed upon depositions. The Court further finds that the requested depositions are consistent with Fed. R. Civ. P. 26(b)(1) and (2). Accordingly, the Court will allow Plaintiffs to depose more than the seven (or ten) authorized depositions. However, Plaintiffs have not established that deposing all forty-three declarants is proportional to the needs of the case, and not unreasonably cumulative. See Fed. R. Civ. P. 26(b)(1) and (2). Moreover, the Court has reviewed the declarations and finds that a sampling of declarants' depositions would be appropriate. See Antoninetti, 2011 WL 2003292, at *1-2 (granting defendant's request to depose twenty of forty-one declarants who had inserted themselves into the litigation and finding the scope of the request permissible); Franco-Gonzalez v. Holder, No. CV 10-2211-DMB (DTBx),

2013 WL 8116823, at *9 (C.D. Cal. May 3, 2013) (granting plaintiffs' request to exceed the ten-deposition limit, but limiting the amount to a sampling of nine depositions of plaintiffs' choosing from the twenty that were requested). Accordingly, Plaintiffs may depose twenty of the forty-three declarants for no more than two hours each. If after these depositions have been completed, Plaintiffs believe there is good cause to depose additional declarants, Plaintiffs may file a new motion setting forth the facts supporting such a request. Defendant shall make the twenty declarants identified by Plaintiffs available for deposition on or before **April 26, 2018**.

### B. Plaintiffs' Request to Strike Twenty-Eight Putative Class Member Declarations for Failing to Timely Disclose Under Fed R. Civ. P. 26(e)

In their motion, Plaintiffs also ask the Court to strike the twenty-eight declarations executed in November 2017 on the basis that Defendant failed to supplement its Initial Disclosures in a timely manner and that Defendant intentionally concealed the identity of the declarants until after Plaintiffs filed their motion for class certification. Plaintiffs' Mot. at 2-3. Plaintiffs did not raise this issue or request during the discovery dispute conference call that preceded the briefing schedule for the instant motion. See ECF No. 58; Plaintiffs' Mot. at 2. Because the parties told the Court that the discovery dispute was simply a disagreement regarding the number of depositions, the Court ordered simultaneous briefing with page restrictions.[3] ECF No. 58. As a result, Defendant did not address Plaintiffs' motion to strike. See Def.'s Oppo. In addition, the Court notes that Plaintiffs are asking this Court to strike declarations filed in connection with a motion pending before a different judge. For all these reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to strike the twenty-eight declarations executed in November 2017.

///
///

---

[3] In addition to its opposition, Defendant filed a lengthy declaration with exhibits which the Court did not consider as it exceeded the applicable page limit. ECF No. 61-1.

7

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' request to take more than ten depositions under Fed. R. Civ. P. 30, with the following limitations: (1) Plaintiffs may depose **twenty** of the forty-three declarants for no more than two hours each; (2) Plaintiffs may choose the twenty declarants they wish to depose; and (3) Defendant shall make the twenty declarants/deponents available for deposition as soon as possible and no later than **April 26, 2018**.

The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to strike the twenty-eight declarations executed in November 2017.

**IT IS SO ORDERED**.

Dated: 4/19/2018

Hon. Barbara L. Major
United States Magistrate Judge