# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE VAZQUEZ, SERGIO ALFONSO LOPEZ, and MARIA VIVEROS, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT HEINZ FOODS COMPANY, a Pennsylvania Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 16-CV-02749-WQH (BLM)<br><br>Assigned to Hon. William Q. Hayes<br><br>**ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23** |

On August 10, 2018, in Courtroom 14B of the United States District Court for the Southern District of California, the Honorable William Q. Hayes presiding, heard argument on Plaintiffs Enrique Vazquez, Sergio Lopez and Maria Viveros' Motion for Class Certification [ECF No. 56]. After having reviewed the pleadings and having heard oral argument, the Court hereby orders as follows:

## CLASS CERTIFICATION

The Court finds that Plaintiffs Sergio Lopez and Enrique Vasquez (hereinafter "Plaintiffs") have satisfied the requirements of Rule 23(a) and 23(b)(3), and hereby certifies the following six classes against Defendant Kraft Heinz Foods Company:

**Class 1a (Unpaid Wages – Paycode Rule: Automatic 30 Minute Unauthorized Meal Deductions – Legacy Heinz Locations):** All current and former non-exempt production employees of Defendant's Legacy Heinz locations,[1] whose timekeeping records reflect a 30 minute deduction of time worked for shifts worked in excess of 6.0 hours where no meal period is reflected in the time punch records, during the time period September 8, 2012 through October 9, 2018.

**Class 1c (Unpaid Wages – Unauthorized Deductions for "Unapproved" Hours Worked – Legacy Heinz Locations):** All current and former non-exempt production employees of Defendant's Legacy Heinz locations whose timekeeping records reflect a deduction of time from the employee's timekeeping records, accompanied by any of the following notations: (i) *UnApproved – Late Out;* (ii) *UnApproved – Late Out - OT;* (iii) *UnApproved – Early In;* or (iv) *UnApproved – Early In – OT*, during the time period September 8, 2012 through October 9, 2018.

**Class 2a (Meal Period Class – Paycode Rule: Automatic 30 Minute Unauthorized Meal Deductions – Legacy Heinz Locations):** All current and former non-exempt production employees of Defendant's Legacy Heinz locations, whose timekeeping records reflect a 30 minute deduction of time worked for shifts worked in excess of 6.0 hours where no meal period is

---

[1] "Legacy Heinz" locations refers to Defendant's California locations in San Diego, Stockton, Chatsworth and Escalon.

2
ORDER GRANTING, IN PART, MOTION FOR CLASS CERTIFICATION

reflected in the time punch records, during the time period September 8, 2012 through October 9, 2018.

**Class 2c (Meal Period Class – Late Meal Periods – San Diego Location):** All current and former non-exempt production employees of Defendant's San Diego location whose timekeeping records reflect a meal period commencing after the employee had worked for 5.0 hours or more, during the time period September 8, 2012 through October 9, 2018.

**Class 4 (Wage Statement Class):** All members of Class 1a, 1c, 2a, and/or 2c, who meet the criteria for class membership for the time period September 8, 2015 through October 9, 2018, and who also received a wage statement from Defendant during this same time period.

**Class 5 (Waiting Time Penalty Class):** All members of Class 1a, 1c, 2a, and/or 2c, who have separated their employment from Defendant during the time period September 8, 2013 through October 9, 2018.

The Court finds that for the above-listed six classes, Plaintiffs have satisfied the prerequisites for class certification under Rule 23(a). Plaintiffs have presented substantial evidence of common proof of these class claims, including uniformly applied practices, policies and procedures. Plaintiffs have presented testimony from Defendant's corporate witness most knowledgeable about Defendant's challenged practices, policies and procedures, and evidence from Plaintiffs and putative class members who worked for Defendant in California. Plaintiffs have also presented evidence that Plaintiffs' claims can be proven by common methods of proof in the form of common policies and practices, training provided to Defendant's management, reports generated from Defendant's timekeeping and payroll records as discussed in the expert report of J. Michael DuMond, Ph.D.

The numerosity requirement under Rule 23(a)(1) is satisfied because the evidence shows that there are likely several hundred employees in each of the six classes.

Plaintiffs have demonstrated one or more questions of law or fact that are common to the classes under the permissive standards of Rule 23(a)(2), such as: (1)

Defendant's practice of automatically deducting 30 minutes of time for meal periods when an employee does not punch out or punch in for a meal period, without any inquiry into whether a meal period was actually provided (Class 1a/2a); (2) Defendant's practice of permitting unauthorized deductions to timekeeping records for unapproved hours worked without any written authorization from the employee (Class 1c); (3) Defendant's policies/practices of having supervisors relieve employees for meal periods, and not providing employees with meal periods until after the completion of 5.0 hours of work (Class 2c); (4) Defendant's practice of maintaining inaccurate payroll records and providing non-compliant wage statements (Class 4); and (5) Defendant's practice of failing to pay all wages owed at the time of separation of employment (Class 5).

The Court finds that Plaintiffs have satisfied the typicality element of Rule 23(a)(3) because Plaintiffs are members of each class which they seek to represent and have claims that are reasonably typical of the claims asserted on behalf of the Classes.

The Court finds that Plaintiffs have satisfied the adequacy requirement of Rule 23(a)(4) because Plaintiffs are committed to prosecuting the case on behalf of the classes, do not have any conflicts of interest with the classes, and have retained competent and experienced counsel to represent them and the classes.

Certification is also appropriate under Rule 23(b)(3) because Plaintiffs have established that common issues predominate with respect to the claims of Plaintiffs and the classes which make it efficient to handle their claims in a representative, rather than individual, manner. The Court has weighed the factors set forth in Rule 23(b)(3) and finds that the questions of law or fact common to the members of the classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

1 The Court appoints Enrique Vazquez and Sergio Lopez as Class Representatives. The Court appoints Paul K. Haines, Sean M. Blakely, and Daniel Brown of Haines Law Group, APC; Michael Singer and Marta Manus of Cohelan, Khoury & Singer; and Sahag Majarian II of the Law Offices of Sahag Majarian II as Class Counsel.

With respect to the proposed classes 1b, 1d, 2b, 3a and 3b, certification is denied as to each of those proposed classes for the reasons set forth in the Court's Order dated October 9, 2018 [ECF No. 84].

IT IS SO ORDERED.

Dated: November 9, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court