**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
　*phaines@haineslawgroup.com*
Tuvia Korobkin (SBN 268066)
　*tkorobkin@haineslawgroup.com*
Sean M. Blakely (SBN 264384)
　*sblakely@haineslawgroup.com*
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Phone: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiffs and the Certified Classes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE VAZQUEZ, SERGIO ALFONSO LOPEZ, and MARIA VIVEROS, individually and on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KRAFT HEINZ FOODS COMPANY, a Pennsylvania Corporation, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants.<br>. | CASE NO: 16-CV-02749-WQH (BLM)<br>　Consolidated w/<br>CASE NO: 17-cv-00077-WQH(BLM)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PAUL K. HAINES IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE:　　March 20, 2020<br>TIME:　　9:00 a.m.<br>DEPT:　　Courtroom 14B<br>JUDGE:　Hon. William Q. Hayes<br><br>**No Oral Argument Unless Requested By Court**<br><br>Action filed:　September 8, 2016<br>Removed:　　November 7, 2016<br>Trial Date:　　None Set |

1

HAINES DECLARATION ISO PLAINTIFFS' MOTION FOR FINAL APPROVAL

I, PAUL K. HAINES, declare as follows:

1. I am the principal of Haines Law Group, APC, and counsel for the named Plaintiffs Enrique Vazquez, Sergio Alfonso Lopez, Maria Viveros and Xochitl Lozano (collectively "Plaintiffs") and the proposed Class Members in the above-captioned matter. I am a member in good standing of the bar of the State of California and am admitted to practice in this Court. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.

2. I am a 2006 graduate of Pepperdine University School of Law, where I graduated *cum laude*. During law school, I worked as a law clerk for the appellate firm of Horvitz & Levy, located in Encino, California. I also spent a semester in law school working as an extern for the Honorable Edward Rafeedie, District Judge for the United States District Court for the Central District of California.

3. Since graduating from law school, my practice has focused exclusively on employment litigation. In September 2007, I began working as an associate attorney at the international law firm of Littler Mendelson P.C., at its Los Angeles office, which according to its website is the "largest U.S.-based law firm exclusively devoted to representing management in every aspect of labor and employment law." While at Littler Mendelson, I was primarily staffed on wage and hour class actions venued in both state and federal courts, and I also worked on a number of single and multi-plaintiff wage and hour matters as well.

4. During my employment at Littler Mendelson, I played a significant role in the class actions that I was staffed on, as I was often the only associate staffed on such cases. In particular, I received a wide-array of wage and hour class action experience performing the following types of tasks: drafting demurrers, motions to strike and/or dismiss; removing actions from state court to

federal court; drafting and responding to written discovery; drafting and opposing discovery related motions; arguing discovery related motions; drafting motions to consolidate related matters; interviewing putative class members and obtaining declarations in connection with class certification; drafting oppositions to motions for class certification; drafting motions for decertification following class certification; conducting exposure analyses to assess the strengths and weaknesses of asserted claims, the likelihood of prevailing at class certification and potential damages resulting from such claims; drafting mediation briefs; serving as the primary contact to in-house counsel; deposing named plaintiffs and putative class members; deposing retained expert witnesses; and defending the depositions of corporate witnesses. In short, I played an integral role in all aspects of litigation from the inception of a matter through and beyond class certification. I also supervised the work of several junior attorneys who were staffed on the same wage and hour class actions.

5. In June 2011, I voluntarily resigned from Littler Mendelson in order to accept an associate attorney position with the international law firm of Morgan, Lewis & Bockius LLP, at its Los Angeles office, where I began working in July 2011. During my employment at Morgan, Lewis & Bockius LLP, I worked exclusively on the defense of wage and hour class and collective actions. For the vast majority of these cases, I was the only associate staffed on the matter, and I performed the same job duties as described in the immediately preceding paragraph. In addition to working on wage and hour class actions, at Morgan, Lewis & Bockius I also worked on a number of "hybrid" actions asserting nationwide wage and hour claims under the Fair Labor Standards Act ("FLSA"), as well as California-specific claims under Rule 23 of the Rules of Civil Procedure.

3
HAINES DECLARATION ISO PLAINTIFFS' MOTION FOR FINAL APPROVAL

6. In July 2012, I transitioned into litigating wage and hour class actions from the Plaintiff's side, first as a Partner with the law firm of Boren, Osher & Luftman, LLP, and since February 2016, as a Shareholder of Haines Law Group, APC. Currently, over ninety percent (90%) of my practice is dedicated exclusively to the prosecution of wage and hour class actions, and my law firm is currently responsible for prosecuting over fifty (50) wage and hour class actions filed in both state and federal courts throughout California. I have been appointed as Class Counsel in over two hundred (200) wage and hour class action settlements in state and federal courts within California. A few examples of the matters in which I have been appointed as Class Counsel, all of which have been granted final approval, include the following: *Sanchez v. Res-Care, Inc.*, Case No. BC526175, California Superior Court, County of Los Angeles, Honorable Judge John S. Wiley, presiding (in which I was approved for an hourly rate of $550 for work performed in 2013, 2014 and 2015); *Prado v. Warehouse Demo Services, Inc.*, Case No. CV14-3170 JFW (Ex), United States District Court, Central District of California, Honorable Judge John F. Walter, presiding (in which I was approved for an hourly rate of $550 for work performed in 2014 and 2015); *Longstreth v. PAQ, INC*, Case No. 15CV-0206, California Superior Court, County of San Luis Obispo, Honorable Judge Charles S. Crandall, presiding; *Vega v. Weatherford U.S., Limited Partnership*, Case No. CV14-1790-JLT, United States District Court, Eastern District of California, Honorable Jennifer L. Thurston, presiding; and *Tesla Motors Wage and Hour Litigation*, JCCP 4792, California Superior Court, Santa Clara County, Honorable Judge Peter H. Kirwan presiding (approved an hourly rate of $575 for work performed in 2013, 2014, 2015, and 2016); *Bower v. Cycle Gear, Inc.*, Case No. 3:14-cv-02712-HSG, Honorable Judge Haywood S. Gilliam, Jr. presiding (approved at an hourly rate of $575 for work performed in 2014 and 2015).

7. I have also moved to certify and received an order certifying a class action and/or conditionally certifying a collective action, on a contested motion in the following cases:

- *Medeiros v. Vortex Financial Management Inc.*, Case No. 30-2013-00644741-CU-OE-CXC, California Superior Court, County of Orange, Honorable Judge Gail A. Andler, presiding (certifying a class of employees who were misclassified as independent contractors);
- *Javine v. San Luis Ambulance Service, Inc.*, Case No. CV13-07480 BRO (SSx), United States District Court, Central District of California, Honorable Judge Beverly Reid O'Connell, presiding (conditionally certifying an unpaid FLSA overtime wage class);
- *Prado v. Warehouse Demo Services, Inc.*, Case No. CV14-3170 JFW (Ex), United States District Court, Central District of California, Honorable Judge John F. Walter, presiding (certifying a rest period violation class and conditionally certifying an FLSA unpaid overtime wage class);
- *Bower v. Cycle Gear, Inc.*, Case No. CV14-2712 HSG, United States District Court, Northern District of California, Honorable Judge Haywood S. Gilliam, Jr., presiding (conditionally certifying an unpaid FLSA overtime wage class);
- *Vega v. Weatherford U.S., Limited Partnership*, Case No. CV14-1790-JLT, United States District Court, Eastern District of California, Honorable Jennifer L. Thurston, presiding (conditionally certifying an unpaid FLSA overtime wage class);
- *Galvan v. AMVAC Chemical Corporation*, Case No. 30-2014-00716103-CU-OE-CXC, California Superior Court, County of Orange, Honorable Judge William Claster, presiding (certifying unpaid overtime wage class and waiting time penalty class);

- *Ontiveros v. Safelite Fulfillment, Inc., et al,* Case No. CV 15-7118-DMG (RAOx), United States District Court, Central District of California, Honorable Dolly M. Gee presiding (certifying six classes of employees for rest period violations, wage statement violations, meal period violations, and overtime and double-time violations);
- *Vazquez, et al v. Kraft Heinz Foods Company*, Case No. 16-cv-2749-WQH-BLM, United States District Court, Southern District of California, Honorable William Q. Hayes presiding (certifying six classes of employees for unpaid wages, meal period violations, wage statement violations, and waiting time penalties); and
- *Caudle, et al. v. Sprint/United Management Company, et al*. Case No. C 17-06874-WHA, United States District Court, Northern District of California, Honorable William H. Alsup presiding (certifying three classes of employees for unlawful wage deduction violations, wage statement violations, and waiting time violations).

8. In 2015, 2016 and 2017, Thomson Reuters and Los Angeles Magazine recognized me as a Top Young Attorney in Southern California in the annual Rising Star Edition of Super Lawyer. This is an honor awarded to no more than two and a half percent of attorneys under the age of forty in Southern California each year. In 2018, 2019 and 2020 Thomson Reuters recognized me as a "Super Lawyer" in the annual Super Lawyer magazine, an honor awarded to no more than five percent of all attorneys in Southern California each year.

9. As counsel for Plaintiffs and the proposed Settlement Class, I have been intimately involved in every aspect of this case from its inception through the present, and I believe that the proposed Settlement is an excellent result for the Settlement Class when viewed against their relatively small potential recovery were they to prevail at trial.

10. Significant discovery was conducted in this litigation. For example, nearly thirty depositions were taken, consisting of three separate sessions of a Rule 30(b)(6) deposition; depositions of the named Plaintiffs Vasquez, Lopez and Viveros (only Plaintiff Lozano was not deposed); and depositions of twenty-three putative Class Members. Significant written discovery was propounded and responded to by the parties, consisting of multiple sets of interrogatories, requests for production and requests for admissions. Plaintiffs also brought a Motion to Compel further discovery which was granted and part and denied in part, but which critically limited the discovery that Plaintiffs could conduct to the two locations at which the named Plaintiffs worked. Although the Court's discovery order limited the discovery that Plaintiffs could conduct to the two locations at which Plaintiffs worked, during the deposition of Defendants' Rule 30(b)(6) witnesses, Plaintiffs' counsel requested a telephonic conference with Magistrate Judge Major that resulted in her expanding the scope of her prior discovery order to allow limited discovery beyond the two facilities at which the named Plaintiffs worked, and which ultimately led to the certification of several classes that included employees beyond the two locations at which the named Plaintiffs worked.

11. During the discovery process, the Parties exchanged over 50,000 pages of documents and Defendant produced 700 excel spreadsheets containing thousands of lines of data that included Class Member payroll and timekeeping records. In connection with evaluating this timekeeping and payroll data, Plaintiffs' counsel retained an expert holding a Ph.D. in economics. Due to the complex nature of the data and difficulty in evaluating it, Plaintiffs' counsel incurred significant out-of-pocket expert fees to evaluate the data and to prepare a comprehensive written report in support of Plaintiffs' Motion for Class Certification. Although I have litigated hundreds of wage and hour class actions, I

never encountered the unique issues and difficulties that were present with the timekeeping and payroll data in this case, which made it expensive to have analysed by Plaintiffs' retained expert.

12. Plaintiffs' counsel was also provided with the contact information for nearly 950 Class members, and Plaintiffs' counsel attempted to reach every single one of these individuals by mail and/or telephone for the purposes of interviewing the putative class related to the claims at issue for purpose of class certification, and Plaintiffs' counsel did in fact interview over one hundred Class Members. Ultimately Plaintiff's counsel interviewed upwards of 100 Class Members.

13. On March 18, 2019, the Parties participated in a private mediation session with Jeff Ross, a well-regarded and experienced wage and hour class action mediator. To prepare of a meaningful mediation, Defendant informally produced additional data beyond what was produced in formal discovery that allowed Plaintiffs' counsel to assess the strengths and weaknesses of the claims alleged and to calculate exposure for damages and penalties on a classwide basis. At the end of the mediation, the Consolidated Action could not be settled, however, with the mediator's continued involvement over the course of the next several days, settlement of the principle terms was reached by way of a double-blind mediator's proposal that was accepted by both sides.

14. I believe the proposed Settlement is in the best interest of the Class based on the extensive discovery and litigation of the claims being settled and released. The length and risks of trial and other normal perils of litigation that affect the value of the claims were all weighed in reaching the proposed Settlement. In addition, the defenses argued by Defendant, the prospect of a reversal of the Class certification, an adverse summary judgment ruling, the difficulties of complex litigation, the difficult process of establishing specific damages and various possible delays and uncertainty regarding the outcome of

8
HAINES DECLARATION ISO PLAINTIFFS' MOTION FOR FINAL APPROVAL

appeals that could have led to decertification of the Classes were also carefully considered by Class Counsel in agreeing to the proposed Settlement.

15. This action and the companion actions that are part of this consolidated action were litigated for approximately three and a half years. Below is a table that summarizes the hours and billable rates spent by the attorneys (year of law school graduation in parentheses) and paralegals at my law firm who have worked on this matter over the past three and a half years:

| Name | Rate | Hours | Lodestar |
|---|---|---|---|
| Paul K. Haines (2006) | $650 | 482.5 | $313,625 |
| Sean M. Blakely (2009) | $550 | 364.7 | $200,585 |
| Tuvia Korobkin (2009) | $550 | 88.5 | $48,675 |
| Daniel Brown (2015) | $400 | 380.2 | $152,080 |
| Stacey M. Shim (2015) | $400 | 220.6 | $88,240 |
| Jamin Xu (2018) | $325 | 106.2 | $34,515 |
| Paralegals | $175 | 180.5 | $31,587 |
| **Total Lodestar** | | | **$869,307** |

16. Even without adjusting the *Laffey* Matrix figures upwards to account for the higher cost of living in this District (as compared to the District of Columbia), the *Laffey* Matrix demonstrates that Class Counsel's requested hourly rates are reasonable. I believe that these hourly rates are reasonable because they are in line with the rates at which the above attorneys have previously been approved; because of their skill, wage and hour class action experience and reputation; fee awards to other attorneys of similar experience in this District; and the rates set forth in the *Laffey* Matrix. A true and correct copy of the 2019 *Laffey* Matrix is attached hereto as **Exhibit A**.

17. My law firm and Plaintiffs seek $104,783.72 in out-of-pocket costs reasonably incurred in litigating this matter. The costs Plaintiffs seek to recover are the types of costs that are routinely approved by California federal courts. Moreover, not a single Settlement Class member has filed an objection to the Settlement, including Class Counsel's collective request for up to $175,000 for reimbursement of costs (although Class Counsel collectively are only seeking actual costs expended of $150,584.72). A true and correct copy of my law firm's out-of-pocket expenses are summarized below by expense category:

| EXPENSE | AMOUNT |
|---|---|
| Mediation Costs | $3,000.00 |
| Expert Costs | $67,313.56 |
| Filing, Pacer, Service, and Messenger Fees | $4,760.54 |
| Deposition and Transcript Costs | $20,611.76 |
| Copying and Postage Costs | $4,159.69 |
| Travel Expenses | $3,977.43 |
| Westlaw Charges | $960.74 |
| **TOTAL**: | **$104,783.72** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 21, 2020, at El Segundo, California.

                                      */s/ Paul K. Haines*
                                      Paul K. Haines

### **ECF Certification**

I attest that I have obtained concurrence regarding the filing of this document from Paul K. Haines, the signatory to this declaration.

Date: February 21, 2020         s/ Diana M. Khoury
                                           Diana M. Khoury
                                           COHELAN KHOURY & SINGER
                                           Attorney for Plaintiffs and the Certified Classes

**EXHIBIT A**

# LAFFEY MATRIX

History

Case Law

Expert Opinions

See the Matrix

Contact us

Home

Links

|  |  |  | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |

| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

\* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

\*\* The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.